FILED
SUPERIOR COURT
OF GUAM

2024 FEB 13 PM 3: 42

CLERK OF COURT

BY:_____ Ym_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| JOEL JOSEPH DVM,<br><br>**Plaintiff,**<br><br>vs.<br><br>**DYLAN MECHANICAL CONSTRUCTION SERVICES, INC.,**<br><br>**Defendants,** | Case No. CV0436-19<br><br>**DECISION AND ORDER**<br>**(Motion to Amend)** |

## INTRODUCTION

This matter came before the Honorable John C. Terlaje on November 17, 2023, for a Motion Hearing between Dr. Joel Joseph D.V.M. ("Plaintiff") and Dylan Mechanical Construction Services, Inc. ("Defendant"), who filed a Motion to Amend Pleadings. Present were Attorney Mitchell F. Thompson on behalf of Plaintiff and Legal Counsel Joseph Razzano on behalf of Dylan Mechanical Construction Services, Inc. After reviewing the pleadings, relevant law, and arguments from the parties, the Court finds that the Motion to Amend would unduly prejudice the Plaintiff. The Motion to Amend is therefore **DENIED**.

## BACKGROUND

This matter stems from a contract entered into in August of 2018 by Plaintiff and Defendant for construction-related services. Compl. ¶ 1 (April 15, 2019). On or about October 22, 2018, Defendant notified Plaintiff that they would no longer perform the construction-related

services. *Id.* Plaintiff filed a Complaint on April 15, 2019, and on May 24, 2019, the Court issued a Scheduling Order, which set September 20, 2019, as the deadline to file a motion to amend pleadings, as the discovery cut-off date. Pltf. Opp. Mot. Am. (August 31, 2023) ¶ 1. The trial took place in July 2023. *Id.* On January 21, 2021, Defendant filed a motion to amend their pleadings, including a proposal to add "fraud in the inducement" as a counterclaim. Plaintiff opposed it on the record. *Id.* On February 23, 2021, the Court denied the motion to amend, holding that Defendant's motion lacked good cause and was untimely under the Scheduling Order. *Id.* ¶ 2. Over two years later, on August 3rd, 2023, Defendant again filed a Motion to Amend Pleadings. Mot. to Amend Pleadings Pursuant to GRCP 15(b) to Conform to Evidence at Trial, (August 3, 2023). Plaintiff filed an opposition August 31, 2023. Pl.'s Opp. to Def.'s Mot. to Amend Pleadings to Conform to Evidence at Trial, (August 31, 2023).

## DISCUSSION

Guam Rules of Civil Procedure 15 "allows for amendment to pleadings 'by leave of court or by written consent of the adverse party' and states that 'leave shall be freely given when justice so requires." *M Elec. Corp.*, 2016 Guam 35 ¶ 40. "Guam Rule of Civil Procedure 5 1 5(a)—concerning amended and supplemental pleadings—was derived from its federal 6 counterpart." *Bautista v. Torres*, 2017 Guam 17 ¶ 28 (quoting *M Elec. Corp.*, 2016 Guam 35 ¶ 40). "Therefore, federal interpretation of FRCP 15 is persuasive when interpreting our own GRCP 15." *M Elec. Corp.*, 2016 Guam 35 ¶ 40.

Under Rule 15(b) of the Guam Rules of Civil Procedure ("GRCP"),

> When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these

2

issues may be made by motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice the party in maintaining the party's action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.

The Supreme Court of Guam has held that a motion to amend should be denied when the movant acts in bad faith, when there would be undue prejudice to the opposing party should the amendment be granted, or the proposed amendment is futile. *See Arashi & Co. v. Nakashima Ents., Inc.,* 2005 Guam 21, ¶ 16.

## A. The Motion to Amend Would Unduly Prejudice the Plaintiff

The main consideration of "whether to grant leave to amend a pleading is prejudice to the opposing party." *Hannah v. Guerrero,* 2020 Guam 15 ¶ 33. "A party will suffer prejudice if the party had no notice of the new issue, if the party could have offered additional evidence in defense, or if the party in some other way was denied a fair opportunity to defend." *Id.* The Defendant's original breach of contract counterclaim during trial amounted to a little over Four Thousand dollars ($4,000.00) in compensatory damages, but if this Court allows the Defendant to amend their pleadings, the amount will multiply to Four-Hundred-Thousand dollars ($400,000.00). Pltf. Opp. Mot. Am. (August 31, 2023) ¶ 9. Additionally, the Defendant seeks One-Million-And-Two-Hundred-Thousand dollars ($1,200,000.00) in punitive damages. *Id.* ¶ 10. Plaintiff argues persuasively that this would unduly prejudice them as "discovery and defense appropriate for a Four Thousand Dollar claim is vastly different from that of a One Million Six Hundred Dollar claim." *Id.* Further, the Defendant already made a previous motion to make the

3

very same addition to the pleadings, "fraud in the inducement," and the Court denied the motion. *Id.* ¶ 1-2. Plaintiff relied on this denial before trial and would be unduly prejudiced if Plaintiff was opened to the claim now.

### B. There Is No Implied Consent for This Motion

Federal courts have made it clear that there is no implied consent in cases with similar facts to the one before us and "federal interpretation of FRCP 15 is persuasive when interpreting [Guam's] own GRCP 15." *M Elec. Corp.*, 2016 Guam 35 ¶ 40. Defendant argues that Plaintiff took evidence on the fraud in the inducement claim, and all witnesses who could have testified did so, because Plaintiff defended against a claim of misrepresentation (one of several factors necessary to establish fraud in the inducement). Def. Mot. Am. (August 3, 2023) ¶ 4-6. Presenting evidence relevant to an existing issue, however, does not imply consent to try an unpled issue, even if the evidence could potentially be relevant to that unpled issue as well. *See Patelco Credit Union v. Sahni*, 262 F.3d 897, 904 (9th Cir. 2001). Evidence that pertains to properly pled issues cannot be utilized as an indication of agreement to address unpled issues, even if the nature of the evidence is identical for both. *See also In re Acequia, Inc.*, 34 F.3d 800, 804 (9th Cir. 1994). Further, Plaintiff objected to the introduction of evidence going to unpled issues, on the record, and filed a written objection as well. Pltf. Opp. Mot. Am. (August 31, 2023) ¶ 6. Therefore, there was no consent, implied or otherwise, for Defendant to now amend their pleadings.

## CONCLUSION

For the foregoing reasons, the Court hereby **DENIES** Defendant's Motion to Amend.

**SO ORDERED**, this 13th Day of February 2024.

**HON. JOHN C. TERLAJE**
**Judge, Superior Court of Guam**